Johnston, Chancellor.
I have come to the conclusion that the plaintiffs are entitled to a decree.
I do not think they are entitled to a specific performance of the contract alleged in the bill, and proved on the trial: the statute of fraud stands in their way, and there has not been proved such performance as to take the^ease out of it. But it will not be permitted to the defendant Mansell, to take advantage of an absence of the parties interested, produced by his bargain, to violate that bargain to their injury.
The testimony of Dunham and Osborne,,shows that he knew that the sheriff was instructed by letter to suspend the sale. The testimony Dunham, Holcombe, Osborne and Hunter, shows that he had agreed to purchase the larger tract, and the terms of the contract; Dunham and Holcombe show that he knew that in consequence of the bargain he had made, Dunham and Wilson would be at Anderson, and of course absent from Pickens on the sale day in August. How grant that the sheriff had not received the letter, or misconstrued it, and that in consequence of this, he, by a mistake on his part, and in perfect innocence, put up the land for sale ; did not Mansell *know his bargain ? did he not know that Wilson and Dunham, on account of that very bargain, were absent ? Did he not know that but the Saturday before he had told two substantial men at least, if not others, that he had bought, and thus, by possibility prevented their attendance as competitors at the sale ? Under these circumstances did he ask the sheriff why he proceeded to sell ? Did he ask him if he had received the letter ? Did he tell Mm of the bargain, which, as he answers, would have effectually stopped the sale? Was he at liberty to withhold this information, and become a purchaser ? He told others at the sale, and just before it, that he had contracted for the land, a thing very well calculated to prevent them from bidding against him ; but said nothing to the sheriff to prevent the sale itself. When he forbid the sale of the eighty acres, why did he keep his mouth shut upon these other matters ? A word from him would have been sufficient; and if it had not, he would have been free from blame. But he did not utter a word.
It is said he was under an impression that a trick was intended by the other parties. This may be so. But from the evidence, we see nothing to justify his suspicions. . There appears but little ground for his taking up such suspicions, from what his son told him the evening before the sale. He told him his land (the eighty acres) was to be sold. He knew before that it was levied on and advertised.
But if he did entertain such suspicions, if they were excited for the first time by what his son told him, was he at liberty tó proceed upon mere suspicion, in a way which would work a fraud upon others, if his suspicions turned out, as they have turned out, to be groundless ? Ought he not to have inquired of the sheriff? Ought he not to have informed him of the real state of the facts ? If he had done this he would have discharged his duty. He would not have been liable to the imputation of an improper suppression of the truth. And he would have stood justified in purchasing.
There is one point of some difficulty, in the way of *the plaintiffs. The deed was not tendered to Mansell until after the smaller tract had been sold. On reflection, I am under the impression this can *94 not avail Mansell, If the plaintiffs bad insisted only on a specific performance of the bargain (putting the statute out of the question) the tender of the land would have been indispensable. But as they go also for setting the sale aside, and of course in that point of view, do not claim th.e benefit of the bargain, I think they are entitled to it, without tendering the deed as a pre-requisite condition.
Burt, for the appellant.
J. N. Whitner, contra.
There is another matter in the way of the plaintiff Loveland. It is insisted that the sale of the eighty acres was a waiver of his rights under the bargain, or arising in consequence of it. But he did not order that sale, and there is no evidence that Dunham had any authority from Mm to order it. He is not, therefore, to be injured by it.
I think Loveland is entitled to relief, by having the sale of the two hundred and fifty acres set aside. As things stand, the sale was a fraud on him, and as Wilson is insolvent, he will be without redress unless the sale be avoided. To this Mansell can have no just objection, if his money be refunded with interest. I will not set aside the sale of the smaller tract, but will order the sum which it cost Mansell, in consequence of its sale by the sheriff, to be refunded him out of the proceeds of the re-sale of the lai’ger tract, if so much remain after satisfying Loveland’s execution.
It is decreed that upon the plaintiff Loveland’s paying or tendering' to the defendant, Mansell, within two months from this time (or within two months after the final decision of this case, in the Court of Appeals, if an appeal be taken) the amount which he paid at the sheriff’s sale for the large tract described in the pleadings, together with the costs of the sheriff’s deed, and interest on those sums from the time he paid them, to be ascertained by the Commissioner, the sale thereof to him by the sheriff, and his title thereunder, be set aside : and that the sheriff of P'c^ens thereupon proceed to duly advertise and sell the *said tract of land under the execution of Loveland ; and that if from the proceeds thereof, enough remains after satisfying such execution, to repay to the defendant Mansell, the sum which he has been obliged to pay in consequence of the sale by the sheriff, of the smaller tract (including costs of conveyance) with interest thereon, to be ascertained by the Commissioner, the same be paid over to him; otherwise, that it be paid to him by the plaintiff Wilson, for which this is to be considered as a decree. The defendant Mansell to pay the costs of the suit.
But if the plaintiff Loveland shall not within the time above prescribed, pay or tender to the defendant the sums above prescribed, as a prerequisite for setting aside the sale of the larger tract; in that case it is decreed that the bill stand dismissed with costs, to be paid by the plaintiffs.
From this decree the defendant Mansell appealed.